UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EVERARDO AGUILAR VARGAS,<br><br>Defendant. | Case No. 5:23-mj-00008-CDB<br><br>ORDER OF DETENTION PENDING REVOCATION HEARING |

Defendant Everardo Aguilar Vargas was arrested in this district on a warrant issued by the district in which his case is pending – the United States District Court for the Western District of Oklahoma (the "charging district") – in Case No. 5:22-cr-00246-HE (W.D. Ok.), in connection with a petition alleging that he violated his conditions of pretrial release.

On March 9, 2023, Defendant appeared for an initial appearance in this Court, as the district of arrest, under Federal Rules of Criminal Procedure 40 and 5(c)(3).

Defendant was advised of the allegations in the petition, of his right to retain, or have an appointed, counsel to represent him in this district, and of other rights, including his right to remain silent and his right to a preliminary hearing and revocation hearing in the charging district.

Having been so advised, and after conferring with appointed counsel, Defendant knowingly and voluntarily waived any rights he had to an identity hearing.

Prior to the initial appearance, the Court and parties had a report from the Pretrial Services Office that summarized the procedural posture of the case, the nature of the alleged pretrial release violations, and the fact that Defendant had an outstanding warrant for failure to appear in connection with local criminal charges that appeared to have resulted in Defendant's $10,000 bail being forfeited.

At the initial appearance, the Court questioned counsel whether a detention hearing in the district of arrest was warranted, given the provision under 18 U.S.C. § 3148(b) for a detention hearing in the charging district. Counsel for Defendant explained that Defendant disputed the factual basis of the government's motion in the charging district that resulted in issuance of the arrest warrant and requested that the issue of detention be heard in the Eastern District of California. The Court offered a brief continuance to permit counsel to engage in research on the issue of detention and counsel agreed to a one-day continuance.

At a continued initial appearance on March 10, 2023, counsel for the parties agreed that a detention hearing consistent with the provisions under 18 U.S.C. § 3142 should proceed in the Eastern District of California, at which the government would bear the burden of proof in connection with Defendant's detention or modification of pretrial release conditions. At the parties' request, the Court continued the detention hearing until March 15, 2023, to permit defense counsel reasonable opportunity to continue investigation and to seek an appointment for Defendant's interview by the Pretrial Services Office.

At the request of counsel for Defendant, on March 14, 2023, an officer of the Pretrial Services Office interviewed Defendant in the presence of counsel in connection with the preparation of a "Supplemental Violation Report." In that report, which was transmitted to the parties and the Court on March 15, 2023, the officer noted Defendant's long-standing ties to the Eastern District of California and his desire to reside locally with his mother, if released, who reportedly was willing and eligible to serve as a third-party custodian. The report also noted that Defendant has no contact with his spouse and their children due to an active protective order. Although the report noted Defendant's recent unemployment, it indicated Defendant intends to seek work, if released, with a former employer.

  The report referenced Defendant's somewhat vague and conflicting statements about his methamphetamine use – according to Defendant, for at least the past year, Defendant has used methamphetamine at least once or twice per month, including on the day of and day prior to his arrest. However, in June 2022, he reported to the Pretrial Services Office in the Western District of Oklahoma that he had not then used methamphetamine for at least 15 years. When confronted by the Pretrial Services officer with this inconsistency, Defendant explained that he only started using methamphetamine after he was granted pretrial release in the charging district. Defendant's admitted use of methamphetamine constitutes a violation of his pretrial release conditions not to use illegal drugs. Based in part on these facts, the Pretrial Services officer who authored the report recommended that Defendant be detained.

  On March 15, 2023, prior to the scheduled hearing, counsel for Defendant filed a notice of intent to ask the Court to temporarily detain Defendant for transportation to the charging district in lieu of a detention hearing.

  At the detention hearing, the United States moved for detention. Counsel for Defendant objected to proceeding with a detention hearing on the grounds that such a hearing in the district of arrest was merely discretionary, and that judicial resources could be conserved by deferring the issue of detention until after Defendant appeared in the charging district. Counsel clarified that her earlier support of a detention hearing in the Eastern District of California had changed after investigating the facts and concluding that the questions of revocation and detention were "intertwined" and that a revocation hearing might properly precede the detention hearing in the charging district.

  Pursuant to Rule 40(c), a court may modify any previous release or detention order issued in another district but must state its reasons for doing so in writing. Here, because the motion for temporary detention by the United States would require a change – temporary revocation – of the conditions of release, the Court proceeded with a detention hearing under Rule 40(c). *See, e.g., United States v. Turner*, 2023 WL 2401581, *2 (W.D.N.C. Mar. 8, 2023); *United States v. Garraway II*, 2022 WL 14752697, *1 (S.D. Tex. Oct. 25, 2022). *Accord United States v. Martin*, 2022 WL 4370447, *3 (N.D. Tex. Sept. 21, 2022) ("the magistrate judge in the district of arrest

should, pending the revocation hearing, either order detention or decide on conditions of release and should do so after a hearing on those matters.").

At the detention hearing, counsel for the United States generally described the circumstances surrounding Defendant's apprehension on the charging district's arrest warrant, including that Defendant reportedly hid in the attic of a residence after law enforcement attempted for approximately one hour to call Defendant out of the residence. Further, Defendant reportedly was uncooperative after law enforcement discovered him in the attic, resulting ultimately in an officer's deployment of a taser to gain Defendant's compliance.

Particularly in light of the Defendant's reported substance abuse history, his alleged failure to appear on the arrest warrant in the underlying state case, the reported forfeiture of his bond for failing to appear in that case, and the circumstances surrounding his apprehension in the Eastern District of California, the undersigned concludes no condition or combination of conditions could sufficiently mitigate the risk of flight Defendant would present were he released.

ACCORDINGLY, based on the totality of these considerations, the Defendant is remanded to the custody of the United States Marshal to be transported to the Western District of Oklahoma for further proceedings pursuant to 18 U.S.C. § 3148(b).

IT IS SO ORDERED.

Dated: __March 15, 2023__                    _____
                                              UNITED STATES MAGISTRATE JUDGE